IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONALD JOSEPH BOEHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3036 |
| ) | |
| JOHN W. SNOW ) | |
| Secretary of the Treasury in Charge of ) | |
| the Internal Revenue Service, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Government's Motion to Dismiss (d/e 8) pro se Plaintiff Donald Joseph Boehler's Complaint. Plaintiff Boehler previously filed a complaint in Case No. 05-3294, raising essentially the same arguments he makes in the present case. See Case No. 05-3294. This Court dismissed that case for lack of subject matter jurisdiction, noting that Boehler's claims were patently frivolous. For the reasons set forth below, Plaintiff Boehler's instant claim is dismissed for lack of subject matter jurisdiction because Plaintiff has failed to satisfy the jurisdictional prerequisites to a suit for refund and because his request for

1

injunctive relief violates the Anti-Injunction Act of the Internal Revenue Code, 26 U.S.C. § 7421.

"Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax." United States v. Sloan, 939 F.2d 499, 499 (7th Cir. 1991).  This is such a case.[1]  The following facts are alleged in the Complaint (d/e 6).  Pro se Plaintiff Boehler brings this suit under this Court's admiralty and maritime jurisdiction.  Plaintiff is a contract worker for Illinois, and receives his paycheck from the State Comptroller.  Boehler alleges that the Internal Revenue Service (IRS) has been illegally levying his wages, based on IRS's incorrect assessment that Plaintiff owes taxes for the following tax years: 1984-1987, 1990, 1991-2004.  Plaintiff alleges that he filed 1040 amended returns for: (1) tax years 1991-2004 in September 2005, (2) tax year 1990 in January 2006, and (3)

---

[1] The Court notes that "like the moths, these people [who erroneously claim that they are not obligated to pay federal income taxes] sometimes get burned".  Sloan, 939 F.2d at 499.  The Court warns Plaintiff that if he wants to avoid getting "burned," he should stop wasting this Court's time and judicial resources by repeatedly filing patently frivolous claims.  Federal courts have held that regardless of whether an individual is a state employee or a federal employee, "'[a]ll individuals, natural or unnatural, must pay federal income tax on their wages,' regardless of whether they requested, obtained or exercised any privilege from the federal government."  Id. (quoting Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984)).

tax years 1984-1987 in February 2006. Plaintiff alleges that, because the returns he filed corrected IRS's erroneous assessments of his tax liability, he should not be liable for any taxes during such tax years because the IRS's assessment of his tax liability was "based upon improper W-2 and 1099 information returns that alleged that . . . [he] was engaged in federally taxable activities during those years." Complaint at 4.

The Complaint alleges that "[t]he laws enacted by Congress, upon which the Internal Revenue Code's § 3401 and § 3121 are based, lay the income tax solely on Federal Employees through Federal Employers. These income taxes do not apply to those working for a Union State such as Illinois, which is a separate entity from the Federal Government . . . ." Id. Plaintiff seeks a refund of all erroneously levied funds, and an injunction barring further levies and expunging all notices of lien on record.

## ANALYSIS

The Government moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, under Fed R. Civ. P. 12(b)(5) for insufficient service of process, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because the Rule 12(b)(1) issues raised in the Government's Motion, standing alone, are

sufficient bases to dismiss this case and because the issues relate to the Court's jurisdiction over the entire case, the Court will only evaluate the Rule 12(b)(1) issues. As set forth below, the Government's Motion to Dismiss is ALLOWED. The Court dismisses this case because, in his request for tax refund, Plaintiff has failed to allege that he has satisfied the jurisdictional prerequisites to a suit for tax refund and because his request for injunctive relief is barred by the Anti-Injunction Act.

If a defendant asserts that subject matter jurisdiction is not evident on the face of the complaint, a motion to dismiss pursuant to 12(b)(1) is analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true. However, if the complaint is formally sufficient but the defendant contends there is "in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion. The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction. And the court is free to weigh the evidence to determine whether jurisdiction has been established." <u>United Phosphorus, Ltd. v. Angus Chemical Co.</u>, 322 F.3d 942, 946 (7th Cir. 2003) (internal citations omitted).

The Government challenges the sufficiency of Plaintiff's allegations;

thus, the challenge is facial, and the Court assumes for purposes of the Motion that the allegations in the Complaint are true. Specifically, the Government contends that Plaintiff has failed to identify either a statute that confers subject matter jurisdiction on this Court or a federal law that waives the sovereign immunity of the United States to the cause of action, and so the case should be dismissed. The Government further contends that this case should be dismissed because Plaintiff's claim against the Secretary of Treasury violates the Anti-Injunction Act, 26 U.S.C. § 7421.

In order to bring a suit against the United States in federal court, a plaintiff must satisfy two requirements: he must identify (1) "a statute that confers subject matter jurisdiction on the district court" and (2) "a federal law that waives the sovereign immunity of the United States to the cause of action." Macklin v. United States, 300 F.3d 814, 819 (7th Cir. 2002) (citing Harrell v. United States, 13 F.3d 232, 234 (7th Cir. 1993); Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991)). The plaintiff's failure to satisfy either one of the requirements warrants dismissal of his claim. Id. Plaintiff Boehler has failed to meet both of the above requirements.

Pro se Plaintiff Boehler mistakenly asserts that his claims fall within this Court's admiralty and maritime jurisdiction. U.S. federal courts have

5

original jurisdiction over admiralty and maritime matters. See Article III, § 2 of the U.S. Const. "Traditionally, admiralty tort jurisdiction existed only when the tort in question occurred on navigable waters." Scott v. Trump Indiana, Inc., 337 F.3d 939, 942 (7th Cir. 2003) (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531-32 (1995). However, with the passage of the Extension of Admiralty Jurisdiction Act, 48 U.S. C. app. § 740, admiralty and maritime jurisdiction extend to "'all cases of damage or injury, to person or property caused by a vessel on navigable water, nothwithstanding that such damages or injury be done or consummated on land.'" Id. (quoting 48 U.S. C. app. § 740). In order to determine whether a particular case falls within the court's admiralty and maritime jurisdiction, courts have developed a two-part test: "'A party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1331(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity.'" Id. at 943 (quoting Jerome B. Grubart, Inc., 513 U.S. at 534.

It is clear that the Plaintiff's claims do not fall within this Court's admiralty and maritime jurisdiction. It is Plaintiff Boehler's burden to point to a statute that confers subject matter jurisdiction on this Court. He has

failed to do so.  Even if the Court construed Plaintiff's allegations for a refund under 28 U.S.C. § 1340 and found them to be sufficient to overcome the initial jurisdictional obstacle, the allegations are still inadequate to vest this Court with jurisdiction.[2]  Plaintiff must also point to a federal law that waives the United States' sovereign immunity in order to properly invoke this Court's jurisdiction.  Plaintiff has failed to do so.

The United States, as a sovereign, cannot be sued without its consent. Bartley v. United States, 123 F.3d 466, 468 (7th Cir. 1997).  In cases where the consent is given, the Government may condition that consent with specific terms and requirements that must be strictly followed in order for the plaintiff to properly invoke the Government's waiver of sovereign immunity.  Id.; see also Macklin, 300 F.3d at 820.  In the present case, Plaintiff requests, among other things, a refund of all erroneously levied taxes.  "The Internal Revenue Code authorizes suits for refund of taxes paid to the federal government, but expressly and without exception conditions the right to sue on the taxpayer having first requested a refund from the Secretary of the Treasury."  Bartley, 123 F.3d at 468.  Specifically, 26

---

[2]28 U.S.C. § 1340 states: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue. . ."

U.S.C. § 7422(a) provides:

> (a) **No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). There is nothing in the Complaint that alleges that Plaintiff has satisfied the above requirement. Thus, to the extent that Plaintiff requests a refund, this Court lacks subject matter jurisdiction.

In addition to his request for refund, Plaintiff seeks injunctive relief. However, Plaintiff's request for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and having reviewed the judicial exception to the Anti-Injunction Act articulated in <u>Enochs v. Williams Packing & Navigation Co.</u>, the Court is convinced that Plaintiff's allegations do not satisfy the requirements of the exception. <u>See</u> <u>Enochs</u>, 370 U.S. 1 (1962). The Anti-Injunction Act of the Internal Revenue Code specifically provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was

assessed." 26 U.S.C. § 7421(a). This statute was enacted to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" Bob Jones University v. Simon, 416 U.S. 725, 736 (1974) (quoting Enochs, 370 U.S. at 7).

In Enochs, the Supreme Court also instructed that the Anti-Injunction Act does not apply in cases where the taxpayer shows that the tax liability is causing him irreparable harm and that he is certain to prevail on the merits. Enochs, 370 U.S. at 6-7. Even though Plaintiff alleges that the tax liability is causing him irreparable harm, he has failed to allege that his claim is certain to prevail on the merits. "An injunction could issue only 'if it is clear that under no circumstances could the Government ultimately prevail . . .'" Simon, 416 U.S. at 737 (quoting Enochs, 370 U.S. at 7). Plaintiff's claim is certainly not likely to succeed on the merits because his naked assertion that he should not be subject to taxes because he is a state contract worker, rather than a federal employee, is patently absurd and without any merit. Thus, to the extent that Plaintiff requests injunctive relief, this Court lacks subject matter jurisdiction.

9

THEREFORE, the Government's Motion to Dismiss (d/e 8) for lack of subject matter jurisdiction is ALLOWED.  Because this Court lacks subject matter jurisdiction, Plaintiff's Complaint must be DISMISSED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   June 6, 2006.

FOR THE COURT:

                                      s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE